**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

ALESIA CHANNELL                                                                                          PLAINTIFF

v.                                                                                                  CAUSE NO.: 1:06CV197-SA

VERNON EICHELBERGER                                                                          DEFENDANT

ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Presently before the Court is Plaintiff's Motion for Attorneys' Fees [98]. From its review of all matters made a part of the record of this case, as well as applicable law, and being thus fully advised in the premises, the Court finds that the Plaintiff's motion should be granted in part and denied in part. After reviewing the requested fees in light of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), the court specifically finds as follows:

On March 19, 2008, the Defendant made an Offer of Judgment to the Plaintiff in the amount of "$10,909.37 . . . plus costs (including reasonable attorneys fees where awardable by statute, contract or otherwise) accrued on the Plaintiff's claims against him as of the date of this offer." Plaintiff thereafter accepted this offer on April 1. The Clerk of the Court then entered a Clerk's Judgment [94] providing that the Plaintiff was entitled to recover from the Defendant $10,909.37 with interest as provided by law, "and the costs of this action and attorneys fees."

Plaintiff filed a Motion for Extension of Time seeking an additional seven days to submit its motion for attorneys' fees and affidavits in support thereof. On that same day, Defendant filed a Motion to Alter or Amend Judgment alleging that the Plaintiff was not entitled to attorneys' fees as they were not pled in the complaint and asking that this Court amend the language in the Clerk's Order to make clear that the imposition of attorneys' fees and costs would be determined by the

court.

The Plaintiff's original claim alleged that the Defendant, a police officer for the City of Louisville, Mississippi, violated her rights under the First and Fourth Amendment of the United States Constitution. Specifically, Plaintiff contends that she was unreasonably seized and arrested by the Defendant, and that he infringed on her exercise of free speech rights. The Defendant contended that because the Plaintiff did not mention 42 U.S.C. § 1983, or § 1988, she had no right to recover attorneys' fees which would otherwise be available under these statutes.

The Court found in an earlier order that due to Defendant's position as a City of Louisville police officer and the claims against him charged by Plaintiff, Defendant was on notice that Section 1983 was likely the statute under which the Plaintiff sought relief. Moreover, Plaintiff sufficiently pled action by a state actor and possible constitutional rights violation.

Pursuant to the Civil Rights Attorney's Fees Awards Act of 1976, 90 Stat. 2641, as amended, 42 U. S. C. § 1988, a prevailing party in a Section 1983 action may be awarded attorney's fees "as part of the costs." Since Congress expressly included attorney's fees as "costs" available to a plaintiff in a Section 1983 suit, such fees are subject to the cost-shifting provision of Rule 68. <u>Marek v. Chesny</u>, 473 U.S. 1, 9, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985).

Plaintiff submitted affidavits and other proof requesting an award of attorneys' fees and costs in the amount of $19,691.25. Plaintiff's statement of fees covered the time period from March 29, 2006, until April 18, 2008, with an addendum for additional research and time spent on a response to the outstanding motion.

The offer of judgment was issued on March 19, 2008, and specifically states:

This Defendant shall pay $10,909.37 to the Plaintiff plus costs (including reasonable

attorneys fees where awardable by statute, contract or otherwise) accrued on the Plaintiff's claims against him **as of the date of this offer.**

(Emphasis added). Accordingly, this Court finds that any fee or expense incurred after March 19, 2008, is non-compensable under the terms of the Offer of Judgment.

Defendants also question the compensability of the following: time and expense spent on adding and responding to Western Surety's addition as a party; online legal research, travel time to depositions by attorneys; paralegal fees; and expert fees.

*1. Western Surety*

Plaintiff added Western Surety as a party by amended complaint in January of 2007. This Court dismissed them as party defendants on March 14, 2008. In that Memorandum Opinion, this Court noted that the addition of Western Surety as a party was premature because the defendant's conduct had not been adjudicated to have unfaithfully performed his job duties.

The United States Supreme Court, in discussing attorneys fees under Section 1988 has held:

> Many civil rights cases will present only a single claim. In other cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.
>
> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is

what matters.

Hensley v. Eckerhart, 461 U.S. 424, 435, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (citations omitted).

Western Surety issued a Public Employees Blanket Bond naming the City of Louisville Police Department as the obligee and insured thereon. Western Surety also wrote a Public Official Position Schedule Bond in 1996 to the City of Louisville, Mississippi. Mississippi Code Section 25-1-45 allows interested persons to file suit against the bond company where it can be shown that the public official "knowingly or wilfully fail[ed], neglect[ed], or refuse[d] to perform any duty required of him by law . . ."

Here, plaintiff's attempt to join Western Surety into the litigation was part of the common core of facts on which the entire case was based. Indeed, Western Surety could not be held liable until the Defendant was held to have been found liable. Thus, Plaintiff's claim against Western Surety was not such a discrete claim that plaintiff's counsel's time could be segregated between the claim against Eichelberger and the claim against Western Surety - both are the same action.

Moreover, Western Surety filed a Motion for Summary Judgment arguing that under the above-cited statute, third parties could not bring suit against a bonding company. The Court disagreed; however, the Court decided that because Plaintiff's claim against Western Surety would not be ripe until some liability was adjudicated to Eichelberger, Western Surety was dismissed as a party defendant. Based on the language from Hensley above, Plaintiff's failure to prevail against Western Surety as a defendant does not preclude them from claiming attorneys' fees related to responding to that defendant's motion for summary judgment. Because the claims against Eichelberger and Western Surety are so intertwined, the Court finds that all attorney time spent responding to Western Surety are compensable as Plaintiff succeeded on its overall claim against Eichelberger.

Accordingly, time spent by Plaintiff's attorney in attempting to hold Western Surety liable on behalf of the defendant is compensable.

*2. Online Legal Research*

Whether computer-based legal research is compensable under the 42 U.S.C. § 1988 fee-shifting analysis is unsettled in the Fifth Circuit. After reviewing both arguments and caselaw supporting each side, the Court is of the impression that such online research is not compensable.

The Eighth Circuit has held that as computer-based legal research is factored into an attorney's hourly rate under 42 U.S.C. § 1988, the cost of computer time may not be added to a fee award. Standley v Chilhowee R-IV Sch. Dist., 5 F.3d 319 (8th Cir. 1993). Indeed, the District Court of Connecticut has held that whether one reads cases from books or screens, it is the attorney's time which is the compensable element, not the medium that delivers the message. Tsombanidis v City of W. Haven, 208 F Supp 2d 263 (D.C. Conn. 2002). Indeed, another court has held that where an attorney is already fully compensated for the time spent performing the research, the sum sought for computer-assisted legal research is not included in "costs" awardable under 42 U.S.C. § 1988. Am. Atheists, Inc. v. City of Starke, 509 F. Supp. 2d 1221 (M.D. Fla. 2007).

The Plaintiff's attorneys list the following dates and fees for online legal research: 10/10/2007 - $3.28; 10/11/2007 - $16.85; 10/12/2007 - $36.37; 10/17/2007 - $5.56; and 10/29/2007 - $1.01. On the timesheet for those days, Luke Fisher noted that he performed 1.0 hour of legal research on October 10, 0.4 of an hour on legal research on the 11th, 3.25 hours on October 12, 1.50 hours on legal research on October 17, and 3.0 hours on the 29th. In those five days, Luke Fisher billed over sixteen hundred dollars for legal research and for drafting Plaintiff's response to the motion for summary judgment. Accordingly, the Plaintiff's attorneys have been sufficiently compensated for the online legal research that they performed over the course of those five days and

are not entitled to expenses over and beyond the cost of the attorney's time.

   *3. Travel Time to and from Depositions by Attorneys*

The Northern District of Mississippi has held that "an award of out-of-pocket expenses should be limited to those expenses which an attorney would normally, customarily, and routinely bill to a fee-paying client." Loewen v. Turnipseed, 505 F. Supp. 512, 517 (N.D. Miss. 1980). That Court allowed the travel expenses of the plaintiff's attorney under 42 U.S.C. § 1988 where those expenses listed "are those which a private practitioner would normally and routinely bill to his client," and which appear related to the case. Id. at 518. Here, Plaintiff's attorney logged travel time to and from the pertinent depositions in this case. Such expense would normally be billed to the client. Accordingly, Plaintiff's counsels travel time is compensable.

   *4. Paralegal Fees*

As a general rule of this Circuit and of other jurisdictions, the prevailing party will be awarded, as part of taxable fees or costs, the recovery of payments made for paralegal and law clerk work. See, e.g., Richardson v. Byrd, 709 F.2d 1016, 1023 (5th Cir.), *cert. denied*, 464 U.S. 1009, 104 S. Ct. 527, 78 L. Ed. 2d 710 (1983); Jones v. Armstrong Cork Co., 630 F.2d 324, 325 n. 1 (5th Cir. 1980); Kirksey v. Danks, 608 F. Supp. 1448, 1459 (S.D. Miss. 1985); Mattie T. v. Holladay, 522 F. Supp. 72, 78 (N.D. Miss. 1981). The reason for this rule is simple: "nonattorneys can perform many tasks more cheaply than attorneys, thus keeping the costs of litigation down." Shipes v. Trinity Indus., Inc., 685 F. Supp. 612, 615 (E.D. Tex. 1987). Thus, Plaintiff's paralegal fees are recoverable.

   *5. Expert Fees*

Plaintiff listed two expert fees of $350.00 for Valerie Sullivan and Dr. Glen Peter's depositions. The Defendants seek to exclude these fees as violative of 28 U.S.C. § 1821 and § 1920,

6

which limits the attendance fee to be paid to witnesses to forty dollars per day for each day's attendance in court or for a deposition.

Prior to 1986, the U. S. Court of Appeals for the Fifth Circuit had permitted prevailing civil rights parties to recover their expert witness fees as costs. See, e.g., Berry v. McLemore, 670 F.2d 30, 34 (5th Cir. 1982); Jones v. Diamond, 636 F.2d 1364, 1384 (5th Cir.)(en banc), *cert. dismissed*, 453 U.S. 950, 69 L. Ed. 2d 1033, 102 S. Ct. 27 (1981); see also Greenhaw v. Lubbock County Beverage Assoc., 721 F.2d 1019, 1033 (5th Cir. 1983) (same, antitrust case); Copper Liquor, Inc. v. Adolph Coors Company, 684 F.2d 1087, 1100 (5th Cir. 1982), *modified on other grounds*, 701 F.2d 542 (5th Cir. 1983)(en banc)(same, antitrust case). However, with the advent of International Woodworkers of America v. Champion International Corporation, 790 F.2d 1174 (5th Cir. 1986) (en banc), *aff'd sub nom.*, Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437, 107 S. Ct. 2494, 96 L. Ed. 2d 385 (1987), the Fifth Circuit held that defendants may not be taxed for out-of-court services performed by plaintiff's experts. Under Woodworkers, the Fifth Circuit rule is that, in civil rights actions, a losing party may not be taxed for an expert's services in excess of the $40.00 per day rate that is authorized by 28 U.S.C. § 1821 for in-court or deposition testimony. This rule applies to all cases, like the one under consideration here, where the prevailing party seeks to recover the costs of an expert under 42 U.S.C. § 1988.

Thus, Plaintiff is limited in the amount of fees she can seek as to each of the expert witnesses in the amount of $40.00 per day.

*Conclusion*

Plaintiff's request for attorneys' fees and costs is hereby granted in part and denied in part. Based on the Offer of Judgment entered into between the parties, any fee or expense

incurred after March 19, 2008, is non-compensable. Plaintiff's expenses related to joining and defending against Western Surety is included in their computation of costs and expenses, online legal research is not, attorney travel time to and from depositions is compensable, paralegal fees are recoverable, and Plaintiff is limited to forty dollars per day for their expert witnesses deposition testimony. Accordingly, Plaintiff's are awarded attorneys' fees, costs, and expenses in the amount of $15,385.68.

SO ORDERED, this the  22nd  day of October, 2008.

 /s/ Sharion Aycock 
**U.S. DISTRICT JUDGE**